5 F.3d 536
NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
 Vincent GARCIA, Plaintiff-Appellant,
v.
Charles D. MARSHALL, Warden, et al., Defendants-Appellees.
 No. 93-15042.
 United States Court of Appeals, Ninth Circuit.
 Submitted Aug. 11, 1993.*
Decided Aug. 23, 1993.
 
 Appeal from the United States District Court for the Northern District of California, No. CV-90-03074-EFL; Eugene F. Lynch, District Judge, Presiding.
 D.Cal.
 AFFIRMED.
 Before: PREGERSON, BRUNETTI and RYMER, Circuit Judges.
 
 
 1
 MEMORANDUM**
 
 
 2
 Vincent Garcia appeals pro se the district court's grant of summary judgment in his action under 42 U.S.C. Sec. 1983, alleging deliberate indifference to his serious medical needs in violation of the Eighth and Fourteenth Amendments of the Constitution. Garcia argues that there are facts which could support a verdict in his favor. We have jurisdiction pursuant to 28 U.S.C. Sec. 1291, and we affirm.
 
 
 3
 Deliberate indifference to medical needs must constitute "unnecessary and wanton infliction of pain" to violate the Eighth Amendment. Estelle v. Gamble, 429 U.S. 97, 104 (1976); Wood v. Sunn, 865 F.2d 982, 989 (9th Cir.1988). Negligence or medical malpractice, without more, do not support a deliberate indifference claim. Estelle, 429 U.S. at 106.
 
 
 4
 Viewing the evidence in the light most favorable to Garcia, we agree with the district court that Garcia does not raise any issue of material fact which would permit a jury to conclude that personnel at Pelican Bay State Prison were deliberately indifferent to his medical needs. Garcia received regular medical examinations and physical therapy treatments after surgery for a knee injury, and was provided with a knee brace and wheelchair. The restriction of Garcia's use of the wheelchair and knee brace for security reasons does not constitute deliberate indifference.
 
 
 5
 In reaching this conclusion, we do not consider events which occurred subsequent to the district court's judgment, as Garcia urges, because such matters are outside the record on appeal. Fed.R.App.P. 10(a). Furthermore, because we agree with the district court that there was no Eighth Amendment violation, we do not consider whether defendant Marshall may be held liable under a theory of respondeat superior.[1]
 
 
 6
 AFFIRMED.
 
 
 
 *
 The panel unanimously finds this case suitable for decision without oral argument. Fed.R.App.P. 34(a); 9th Cir.R. 34-4
 
 
 **
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir.R. 36-3
 
 
 [1]
 Garcia's motion to compel the defendants to return law books of which he has allegedly been deprived is denied as moot